## Abstract of the Decision.

1.  CORPORATIONS, § 284*—*when officer's salary not suspended.* Where the records of a corporation show that its secretary's salary was voted him as an officer of the corporation and not for the performance of extra services outside of the regular duties of his office, the fact that the corporation temporarily suspends active operation and thus dispenses with the necessity of the extra services which he had been performing does not affect his right to the salary.

2.  CORPORATIONS, § 296*—*when evidence insufficient to show agreement by officer to waive salary.* In an action to recover compensation as secretary of a corporation, where defendant claims that plaintiff agreed to suspend his salary during a period in which the corporation was not in active operation, where the only evidence directly bearing on the subject is that a conversation was had between plaintiff and defendant's president, the latter testifying that it was to the effect that salaries were to cease until operations were resumed, while the former claims that it was that salaries were to be credited but not paid until operations were resumed, and the plaintiff's contention is corroborated by the fact that he was credited with his salary on the corporation's books with the knowledge of the president who gave no orders to the contrary, it is sufficient to support a judgment for plaintiff.

---

## A. L. Berry Coal Company, Defendant in Error, v. R. B. Harder, Plaintiff in Error.

## Gen. No. 20,248.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding.  Heard in the Branch Appellate Court at the March term, 1914.  Affirmed.  Opinion filed March 23, 1915.

## Statement of the Case.

Action by A. L. Berry Coal Company, a corporation, plaintiff, against R. B. Harder, defendant, on a promissory note made by defendant payable to the order of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

A. L. Berry. The note had been negotiated by the payee, thereafter was renegotiated to him, whereupon he erased the intervening indorsements and negotiated it to plaintiff.

To reverse a judgment for plaintiff, defendant prosecutes this writ of error.

EDWARD R. HARTIGAN, for plaintiff in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. BILLS AND NOTES, § 322*—*when payee may erase indorsements and renegotiate note.* Where a note which has been negotiated by the payee is negotiated back to him, he may erase the intervening indorsements and renegotiate the note, and it is no defense, in an action against the maker, that one of the intervening indorsees was a foreign corporation not licensed to do business in the State.

2. BILLS AND NOTES, § 443*—*when evidence insufficient to show want of consideration, etc.* Evidence examined and *held* insufficient to establish want of legal title, want of consideration and fraudulent organization of plaintiff.

---

Arthur W. Meyer and Samuel S. Hess, trading as Meyer, Hess & Company, Defendants in Error, v. Wakem & McLaughlin, Inc., Plaintiff in Error.

### Gen. No. 20,317.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH S. LABUY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed with finding of fact. Opinion filed March 23, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.